IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| KIMBERLY WINCHESTER | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-1225-M-BD |
| | § | |
| NATIONWIDE MUTUAL INSURANCE COMPANY | § | |
| | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Nationwide Mutual Insurance Company ("Nationwide") has filed a motion for summary judgment in this civil action brought by one of its employees, Kimberly Winchester, asserting claims for hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*, and for negligent retention and intentional infliction of emotional distress under Texas law. For the reasons stated herein, the motion should be granted in part and denied in part.

I.

In July 2006, plaintiff was hired as an administrative assistant to Ken Loose, a regional claims director for Nationwide. (*See* Def. MSJ App. at 35-36, 80). According to plaintiff, Loose sexually harassed her at work over an 18-month period by making unwelcome sexual advances, requesting sexual favors, using sexually explicit language, and touching her inappropriately. (Plf. Compl. at 3, ¶ 12; *see also* Def. MSJ App. at 75-79, 137). The most egregious incident occurred in

November 2006, when Loose approached plaintiff at work and asked her to meet him at a hotel. (*See* Def. MSJ App. at 84-85). Fearing the loss of her job if she did not comply, plaintiff drove to the hotel and had sexual intercourse with Loose. (*Id.* at 75, 84-85, 89). Plaintiff states that Loose "obviously could tell" that she did not want to have sex with him, (*see id.* at 91), and claims that she was "assaulted and raped" during the encounter. (*See* Plf. MSJ Resp. at 2).

In late February 2008, plaintiff reported her allegations of sexual harassment to the Nationwide Human Resources Department. (*See* Def. MSJ App. at 6, ¶ 2 & 7, ¶ 9). Plaintiff told Judy Reynolds, Director of Human Resources for the Central Plains Region, that Loose had sent her sexually inappropriate notes and text messages and asked her to meet him at hotels and other offsite locations. (*Id.* at 7, ¶ 9). In a follow-up interview, plaintiff provided Reynolds with further details of harassment by Loose, including their sexual encounter. (*Id.*). Reynolds then contacted Frank Maroni, a Senior Consultant in the Office of Associate Relations, who is responsible for investigating harassment complaints. (*Id.* at 7, ¶ 10). Following an investigation by Maroni, Nationwide decided to terminate Loose, but he resigned before the decision could be implemented. (*See id.* at 8, ¶¶ 13-14). Plaintiff continues to work for Nationwide and recently received a promotion and a pay raise. (*Id.* at 37-39).

On June 30, 2009, plaintiff sued defendant in federal district court for hostile work environment under Title VII, and for negligent retention and intentional infliction of emotional distress under Texas law. Defendant now moves for summary judgment as to all claims and causes of action. With respect to plaintiff's Title VII hostile work environment claim, defendant seeks summary judgment on its *Ellerth/Faragher* defense. Defendant also contends that plaintiff cannot

prevail on her state law claims for a variety of reasons. The issues have been fully briefed by the parties, and the motion is ripe for determination.[1]

II.

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The substantive law determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A movant who bears the burden of proof at trial must establish "beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). By contrast, a party seeking summary judgment who does not have the burden of proof at trial need only point to the absence of a genuine fact issue. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

---

[1] In their summary judgment pleadings, plaintiff and defendant raise a number of objections to evidence submitted by the other party. (*See* Plf. MSJ Resp. at 3-4; Def. Reply at 7-9). Except for the objections made by defendant based on hearsay and speculation, which are addressed herein, none of the evidence challenged by the parties affects the disposition of this motion. Consequently, the objections are overruled as moot. *Continental Casualty Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3-04-CV-1866-D, 2006 WL 984690 at *1 n.6 (N.D. Tex. Apr. 14, 2006) (overruling as moot objections to evidence that is not considered by the court in deciding motion for summary judgment).

A.

In a hostile work environment case, an employer who has not taken a tangible employment action against an aggrieved employee may have an affirmative defense to a claim of vicarious liability for sexual harassment carried out by a supervisor if: (1) the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior; and (2) the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. *See Casiano v. AT&T Corp.*, 213 F.3d 278, 283-84 (5th Cir. 2000), *citing Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765, 118 S.Ct. 2257, 2270, 141 L.Ed.2d 633 (1998) *and Faragher v. City of Boca Raton*, 524 U.S. 775, 807, 118 S.Ct. 2275, 2293, 141 L.Ed.2d 662 (1998). An employer must prove both elements of this defense by a preponderance of the evidence. *See Aryain v. Wal-Mart Stores Texas, LP*, 534 F.3d 473, 483 (5th Cir. 2008).

Plaintiff does not allege that any tangible employment action -- that is, a significant change in employment status -- was taken against her as a result of the harassment by Loose. Therefore, defendant is entitled to raise the *Ellerth/Faragher* defense. In an attempt to prove that it exercised reasonable care to prevent and correct promptly any sexually harassing behavior, defendant points to its Code of Business Conduct, which includes a policy against sexual harassment and requires all associates to "promptly bring to management's attention any matters that are not consistent with the law[.]" (*See* Def. MSJ App. at 131-35). Defendant also relies on the anti-harassment policy in its employee handbook, which specifically prohibits "Sexual Harassment conduct based on gender resulting in unwelcome sexual advances, requests for sexual favors, and other verbal, written or physical conduct of a sexual nature[.]" (*See id.* at 130). Although both the Code of Business Conduct and anti-harassment policy are generally available to Nationwide employees through an

intranet website, (*see id.* at 7, ¶ 8),[2] there is no evidence that defendant took any specific action to make Loose, or any employee other than plaintiff, aware of the policies against sexual harassment. Defendant does not allege, much less prove, that it reviewed the policies with its employees and supervisors when they were hired or at any time thereafter. Nor is there any indication that defendant trained its employees on the anti-harassment policies. Without such evidence, defendant cannot prove "beyond peradventure" that it exercised reasonable care to prevent and correct promptly any sexually harassing behavior. *See Watkins v. Texas CES, Inc.*, No. 4-08-CV-243-Y, 2009 WL 3424736 at *7 & n.14 (N.D. Tex. Oct. 26, 2009), *citing Lauderdale v. Texas Dept. of Criminal Justice, Institutional Div.*, 512 F.3d 157, 164 (5th Cir. 2007) (rejecting argument that "mere presence" of sexual harassment policy satisfies first prong of *Ellerth/Faragher* defense, noting that most cases relying on the presence of a policy "also explain that further training on the policy was given to employees"); *cf. Williams v. Barnhill's Buffet, Inc.*, 290 Fed.Appx. 759, 763, 2008 WL 3911068 at *4 (5th Cir. Aug. 26, 2008) (affirming summary judgment in favor of employer where evidence showed that company regularly conducted training sessions for employees on anti-harassment policy, and supervisor accused of harassment stated that he received such training). Defendant is not entitled to summary judgment on plaintiff's Title VII hostile work environment claim.[3]

---

[2] Other than the vague statement by Reynolds in her affidavit that the "Code of Business Conduct and anti-harassment policy are available on the company's intranet for all employees to access and review[,]" (*see* Def. MSJ App. at 7, ¶ 8), there is nothing to suggest that Loose was made aware of these policies.

[3] To the extent plaintiff attempts to expand her hostile work environment claim to include allegations of sexual harassment by Brad Haby, another Nationwide associate, any attempt to do so is untimely. Plaintiff has not pled any facts in her complaint to support such a claim, and the pleading deadline in this case expired on December 7, 2009. *See* Init. Sch. Order, 9/15/09 at 2, ¶ 4.

B.

The court reaches a different conclusion with respect to plaintiff's state law claims for negligent retention and intentional infliction of emotional distress. While the Texas Supreme Court has not "ruled definitively on the existence, elements, and scope" of the tort of negligent retention, *see Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 n.27 (Tex. 2010), one element that emerges from the case law is the hiring of an employee "who the employer knew or, in the exercise of ordinary care, should have known was incompetent or unfit[.]" *See Ogg v. Dillard's, Inc.*, 239 S.W.3d 409, 420-21 (Tex. App.--Dallas 2007, pet. denied) (citing cases). Here, the only evidence cited by plaintiff to support her allegation that defendant knew Loose had a history of sexually harassing female employees is based either on speculation or on information given to her by others. At her deposition, plaintiff testified that:

- Naila Flores, another administrative assistant, was aware that Loose previously harassed other women and had inappropriate relationships with his two former assistants. (*See* Plf. MSJ App. at 4-7);

- Flores told plaintiff that Ron Rosetti, a Nationwide vice-president, instructed Flores and another administrative assistant that "they were going to let Christa Langowski go," and not to speak of her relationship with Loose. (*Id.* at 4);

- Angie Kahler, a co-worker, told plaintiff that Loose "wanted to see [Kahler] in some kind of sexual position[,]" and that Kahler had reported Loose to Human Resources for making inappropriate comments. (*Id.* at 15);

- Kahler told plaintiff that she got calls from Nationwide directors in other regions, who stated that "Ken must have messed with the wrong girl this time," and that Kahler "got a phone call from someone else saying [Loose] must have resigned because he got caught in sexual harassment." (*Id.* at 20-21);

> • Kevin McNeill, another Nationwide employee, told plaintiff that unidentified persons in upper management knew of Loose's reputation for "womanizing." (*Id.* at 21).

This testimony -- which constitutes hearsay and in some instances, double hearsay -- is not competent summary judgment evidence. *See Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995) ("Evidence on summary judgment may be considered to the extent not based on hearsay or other information excludable at trial.").

In addition to her own plainly inadmissible testimony, plaintiff relies on the deposition testimony of Flores and McNeill to show that defendant knew or should have known that Loose was an unfit employee. At her deposition, Flores was asked:

> Q. Do you believe that management and [sic] Nationwide knew of Ken's womanizing? . . . When I say "management," I'm talking about people that have the authority to hire and fire people.
>
> * * * *
>
> A. Yes.
>
> Q. Who do you think knew that?
>
> A. I don't know.

(Plf. MSJ Resp. App. at 52). Upon further questioning, Flores said she did not know whether Ron Rosetti or Lee Morton, two of Loose's former supervisors, knew of his "womanizing, skirt-chasing, however you want to put it[.]" (*Id.* at 52-53). When asked if another supervisor, Dave Murphy, knew about Loose's womanizing, Flores responded, "I would assume so." (*Id.*). McNeill testified that there were rumors that Loose "like[d] women," and he acknowledged telling plaintiff what others in the company said about Loose's reputation. (*Id.* at 56-60). Not only is this testimony rank speculation, *see Allen v. Greystar Mgmt. Servs., L.P.*, No. SA-09-CV-122, 2010 WL 148187 at *4

(W.D. Tex. Jan. 11, 2010) (speculation and subjective beliefs are not competent summary judgment evidence), but there is nothing in the record to suggest that anyone at Nationwide with the authority to hire or fire Loose was aware of his inappropriate behavior with women before plaintiff complained to Human Resources. Absent some evidence that defendant knew or should have known that Loose was an unfit employee, plaintiff cannot prevail on her negligent retention claim.

C.

Defendant argues that plaintiff cannot recover for intentional infliction of emotional distress because, *inter alia*, that claim is based on the same facts as her Title VII hostile work environment claim. In *Hoffman-LaRoche, Inc. v. Zeltwanger*, 144 S.W.3d 438 (Tex. 2004), the Texas Supreme Court reiterated that the tort of intentional infliction of emotional distress was originally recognized to be a "'gap-filler' tort, judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Id.* at 447. The *Zeltwanger* court held that the plaintiff could not sue her former employer for both sexual harassment and intentional infliction of emotional distress "unless there are additional facts, unrelated to sexual harassment, to support an independent tort claim for intentional infliction of emotional distress." *Id.* at 441.

Plaintiff relies on the same facts to support her Title VII hostile work environment claim and her state law claim for intentional infliction of emotional distress -- that defendant retained Ken Loose knowing of his prior sexual harassment of women. (*See* Plf. Compl. at 3, ¶ 15 & 5, ¶¶ 22-25). No additional facts, unrelated to her hostile work environment claim, are alleged by plaintiff to support a claim for intentional infliction of emotional distress, other than the conclusory assertions that defendant acted "recklessly" and "intentionally" in retaining Loose, and that such retention was

"extreme and outrageous." (*Id.* at 5, ¶¶ 22-24). Accordingly, defendant is entitled to summary judgment as to this claim. *See Cunningham v. Daybreak Therapy, L.P.*, No. 2-06-CV-0289-J, 2007 WL 2694438 at *5 (N.D. Tex. Sept. 13, 2007) (dismissing claim for intentional infliction of emotional distress where facts giving rise to the claim also formed the basis of Title VII hostile work environment claim); *Crowley v. PRG-Schultz USA, Inc.*, No. 3-03-CV-3061-P, 2005 WL 1131100 at *9 (N.D. Tex. May 9, 2005) (same).

## **RECOMMENDATION**

Defendant's motion for summary judgment [Doc. #14] should be granted in part and denied in part. The motion should be granted as to plaintiff's state law claims for negligent retention and intentional infliction of emotional distress. Those claims should be dismissed with prejudice. The motion should be denied as to plaintiff's Title VII hostile work environment claim.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 24, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE