IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| KIMBERLY WINCHESTER | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| VS. | § | NO. 3-09-CV-1225-M-BD |
| NATIONWIDE MUTUAL INSURANCE COMPANY | § | |
| Defendant. | § | |

**ORDER**

After conducting a review of the pleadings, files and records in this case, and the Findings and Recommendation of the United States Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1), I am of the opinion that the Findings and Recommendation of the Magistrate Judge are correct, and they are hereby accepted as the Findings of the Court. Defendant's motion for summary judgment [Doc. #14] is granted in part and denied in part. The motion is granted as to plaintiff's state law claims for negligent retention and intentional infliction of emotional distress. Those claims are hereby dismissed with prejudice. The motion is denied as to plaintiff's Title VII hostile work environment claim. The Magistrate Judge did not err in concluding that Nationwide was not entitled to summary judgment on its *Ellerth-Faragher* affirmative defense, which requires an employer to prove by a preponderance of the evidence "'(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise.'" *Lauderdale v. Tex. Dep't Criminal Justice*, 512 F.3d 157, 164 (5th Cir. 2007) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998)). The

Magistrate Judge held that Nationwide did not establish as a matter of law the first prong of the *Ellerth-Faragher* defense, because Nationwide presented no evidence that it (1) took specific actions to make its employees aware of its sexual harassment policy, (2) reviewed the policies with its employees and supervisors, or (3) trained its employees on the policies. Without such evidence, the Magistrate Judge held Nationwide did not prove that it exercised reasonable care to prevent and correct promptly any sexually harassing behavior.

The Fifth Circuit's opinion in *Lauderdale v. Texas Department of Criminal Justice* strongly suggests, though it does not expressly hold, that an employer who merely disseminates an anti-harassment policy to employees, without providing any guidance or explanation, has not met its summary judgment burden on the first prong of the *Ellerth-Faragher* defense. The *Lauderdale* court held that the defendant satisfied the first prong "by virtue of its institutional policies *and* educational programs regarding sexual harassment," *Lauderdale*, 512 F.3d at 164 (emphasis added), thus suggesting that both the institutional policies and educational programs are required. *See Watkins v. Tex. CES, Inc.*, No. 4:08-cv-243-Y, 2009 WL 3424736, at *7 n.14 (N.D. Tex. Oct. 26, 2009) (Means, J.)[1]

Given the ambiguity of *Lauderdale's* holding, the Court cannot say that Nationwide has established its affirmative defense as a matter of law. Although Nationwide presented evidence that its anti-harassment policy is available to its employees though an intranet website, Nationwide directed the Magistrate Judge to no evidence that Winchester, or any other employee, received any guidance or training on the policy. In its Objections, Nationwide points to deposition testimony,

---

[1] This Court reached a different conclusion in *Dudik v. Mesquite Rodeo*, No. 3:03-cv-178-M, 2004 WL 524947, at *6 (N.D. Tex. Mar. 12, 2004), before the Fifth Circuit decided *Lauderdale*. Until the Fifth Circuit provides more concrete guidance on the significance of sexual harassment education and training in analyzing the first prong of the *Ellerth-Faragher* defense, the Court finds it prudent to apply the approach expressed in *Watkins*.

submitted by Plaintiff in its Response to Nationwide's Motion, of Kevin McNeill, a manager at Nationwide, stating that he received classroom and online training on the anti-harassment policy. However, Nationwide did not cite this evidence in its summary judgment briefing. Although a district court considering objections to a magistrate's recommendations may, in its discretion, receive further evidence on the matter being reviewed, the Court declines to do so in this case. See *Freeman v. County of Bexar*, 142 F.3d 848, 852-53 (5th Cir. 1998).

Considering the facts cited by Nationwide in its summary judgment briefing, Nationwide is not entitled to summary judgment on its *Ellerth-Faragher* affirmative defense, and the Magistrate Judge did not err in so holding.

This case will be set for trial by further order of the Court.

SO ORDERED this 15th day of March, 2011.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS